## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.** |
| **v.** | : | |
| | : | |
| **DARRYL GALE,** | : | **VIOLATION:** |
| | : | **18 U.S.C. § 1343 (Wire Fraud)** |
| | : | |
| | : | **FORFEITURE ALLEGATION:** |
| | : | **18 U.S.C. § 981(a)(1)(C), 28 U.S.C.** |
| | : | **§ 2461(c), and 21 U.S.C. § 853(p).** |
| **Defendant.** | : | |

## INFORMATION

The United States Attorney charges that:

### Introduction

At all times material to this Information:

1.      The Army Ten-Miler ("ATM") was a race and exposition that had been conducted annually in the District of Columbia by the U.S. Army Military District of Washington (MDW) for the past 35 years.  Each year, the race and pre-race exposition attracted over 35,000 runners and 900 teams from around the world.  Participants included military, civilians, wheel chair athletes and wounded warrior athletes.   ATM's mission was to support Army outreach, build morale, and promote physical fitness.  ATM was a category-B Army Morale, Welfare, and Recreation (MWR) event open to the public.  All race proceeds benefitted MWR programs.  The ATM was organized and administered each year by a staff of employees based out of an office located at Fort Lesley J. McNair in Washington, D.C.

2.      The defendant DARRYL GALE was a civilian employee of the ATM office, hired in approximately October 2012 and working at the office through November 2018.  GALE's main

responsibilities included selling exposition booth rentals and managing logistics on the day of the exposition and race.

## COUNT ONE
### (Wire Fraud)

3.      Paragraphs 1 and 2 of this Information are hereby re-alleged.

4.      Beginning in or about January 2017 and continuing through in or about November 2018, within the District of Columbia and elsewhere, the defendant DARRYL GALE devised and intended to devise a scheme to defraud and to obtain money and property from ATM by means of materially false and fraudulent pretenses, representations, and promises, as more fully described below.

### Purpose of the Scheme to Defraud

5.      It was a purpose of the scheme to defraud that GALE would steal, purloin, convert, and embezzle funds intended for and belonging to ATM for his own personal benefit and use.

### Manner and Means

6.      The manner and means of this scheme to defraud included the following acts and omissions, which were taken and made by GALE between on or about January 1, 2017, and on or about November 30, 2018:

a.      GALE deposited into his own personal bank accounts checks, money orders, and payments, through third-party payment processors, such as Square and Visa Direct, which payments were from vendors who had purchased booths at the ATM exposition. These payments were all intended for and were due to ATM as payments of fees for these booths at the ATM exposition.

b.      GALE was able to deposit these payments into his own accounts by directing the vendors to either make out the payments in his name or in the name of ATM but to the

"Attention of Darryl Gale."

c.      GALE falsely told vendors a number of material misstatements in order to induce them to make out their payments in this fashion.  For example, GALE explained to some vendors that the payments should be made out to his attention because his director was allowing him to personally sell a certain number of booths as a "bonus."

d.      GALE hid from his supervisors and co-workers that he was depositing these vendor payments directly into his own personal accounts.

### Execution of the Scheme

7.      For the purpose of executing and attempting to execute the above-described scheme to defraud, GALE did willfully cause to be transmitted by means of wire communication in interstate commerce, into and through the District of Columbia, certain writings, signals, and sounds, that is, on December 4, 2017, from his work e-mail account at the offices of ATM, located in the District of Columbia, GALE did send to REPRESENTATIVE ONE, the representative of ATM VENDOR ONE, located in the state of Kansas, certain e-mail messages designed to induce REPRESENTATIVE ONE to send a $3,600 payment for a booth at the 2018 race and exposition to GALE's attention.

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343).**

### FORFEITURE ALLEGATION

1.      Upon conviction of the offenses alleged in Count One, the defendant DARRYL GALE shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $124,758.21.

2.      If any of the property described above as being subject to forfeiture, as a result of

3

any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the Court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other prope1iy that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c)).**


Respectfully submitted,

TIMOTHY J. SHEA
United States Attorney
D.C. Bar No. 437437

BY:  *Diane G. Lucas /mz*

DIANE G. LUCAS
DC Bar No. 443610
Assistant United States Attorney
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7724
Diane.Lucas@usdoj.gov